### CINCINNATI (City) v. WESLEYAN CEMETERY ASSOCIATION.

Common Pleas Court, Hamilton County.

No. A-120525.   Decided November 28, 1950.

Henry M. Bruestle, city solicitor, Ed. F. Alexander, special counsel, Cincinnati, for plaintiff.

Abraham M. Tennenbaum, Allen C. Roudebush, Cincinnati, for defendant.

### OPINION

By PECK, J.

Both on the law and the facts this case is entirely unlike any other which has been brought to our attention. It is an action brought by the City of Cincinnati asking that real property owned by the defendant be declared a part of the plaintiff municipal corporation. The case is before the Court on the defendant's demurrer to the petition.

The allegations of the petition, admitted for the present purpose by the demurrer, disclose that the subject property is a parcel owned and occupied by the defendant for cemetery purposes. The parcel is entirely surrounded by the City of Cincinnati, and is roughly triangular in shape, being bounded on two sides by Colerain Avenue and Hoffner Street. At one time both the subject parcel and the entire surrounding area

were included in Millcreek Township. Through the years various other portions of the township have become parts of the plaintiff and other municipal corporations, and the factual novelty of the present situation arises from the fact that the property here under consideration comprises all that remains of what either is or was Millcreek Township. As a governmental authority the Township has ceased to exist, having no trustees, justice of the peace, funds, treasurer, constable or other officers. It is not recognized by the State of Ohio as a township in the matter of tax distributions. Perhaps most astonishing of all, there is only one adult inhabitant of the Township (if it be that) possessing the qualifications of an elector, and she can not exercise her right to vote because the property is not a part of any local government area and is not therefore a part of any voting precinct.

After reciting the foregoing, and other facts, the petition alleges that the plaintiff municipal corporation is the only local government in a position to enforce law and order in the area and to protect property therein. Apparently as illustrative, it is alleged that from time to time memorial ceremonies are conducted on the premises, and that the defendant "is unable to, and does not undertake" to provide policing at such times.

Finally, it is alleged that a controversy exists between the parties as to whether it has become a part of the City of Cincinnati "by force of the facts" alleged, and it is pointed out that under the existing law of Ohio annexation cannot be effected without the consent of the defendant, which is not forthcoming. It is admitted that the area has never been formally annexed, and the problem is therefore whether it has in some other manner become a part of the City of Cincinnati.

The position principally contended for by the defendant is that no such controversy exists between the parties as would permit the Court to take jurisdiction under the provisions of §12102-1 GC, et seq, known as the uniform declaratory judgments act. If this were the only point raised by the demurrer we would be disposed to overrule it because we are of the opinion that a controversy exists between the parties. In the case of **Village of Bay v. Gelvick, 58 Oh Ap, 51, 11 O. O. 457**, the plaintiff municipal corporation sought to have a determination made of rights and legal relations existing between it and its residents determined. There, as here, no further relief was sought. In holding the action properly brought under the uniform declaratory judgments act, the court said, (p. 460):

"Under the provisions of this section (§12102-1 GC) juris-

diction is conferred on the Common Pleas Court to declare rights, status and other legal relations of the character sought in the petition in this action, and under the express provisions of the section such declaration may be made whether or not further relief is or could be claimed. The Common Pleas Court therefore had jurisdiction of the subject-matter notwithstanding the fact that in the petition the plaintiff seeks declaration of rights, status and other legal relations without further relief."

Although the defendant relied in oral argument (it filed no brief) primarily on the ground discussed above, the demurrer is general in form. We are therefore free to consider whether for any other reason the petition is insufficient to state a cause of action. In **Alf v. Hunsicker, 82 Oh Ap, 197, 37 O. O. 539**, it was held that where the pleadings disclosed no cause of action in favor of the plaintiff judgment could be entered on the pleadings without a declaration of the plaintiff's rights having been made, "other than the general finding that the plaintiff has no cause of action" (Syllabus 2).

Reduced to its simplest elements, the claim of the plaintiff might be said to be simply, "Somebody should do something about this situation." Whether we agree or disagree with this position is unimportant. The question is, granting that such a condition should not be permitted to continue, does the Court have either a right or a duty to take action? Although the form of the prayer of the petition appears to be a seeking of a declaration of rights, what the plaintiff is really attempting to do is to induce the Court to annex the subject property to the City of Cincinnati by judicial decree, since the plaintiff does not even pretend that annexation has heretofore been effected in any other manner. Clearly the Court does not have the right to take such action.

In the petition the plaintiff inferentially indicates dissatisfaction with the law of Ohio, which does not permit annexation without approval of owners and residents of the area concerned. We can only point out dissatisfaction with statutory law should be expressed to the legislature and not to the courts, since it is our duty to interpret and enforce the law, not to enact it.

The prayer also asks that in the event the parcel is found not to be a part of the City of Cincinnati, a declaration be made as to on whom falls the duty of the exercise of the government function over it. This question is not before the Court at this time and no opinion on that subject is expressed.